*Further proceedings under Rule 62(c).*

MICHIGAN LIMESTONE & CHEMICAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49691. Promulgated August 31, 1932.

*Tracy H. Duncan, Esq.*, for the petitioner.
*Maxwell M. Mahany, Esq.*, for the respondent.

930

OPINION.

TRAMMELL: The issue raised by the pleadings in this case concerns the proper basis for computing depreciation deductions for the year 1927 on three steamers acquired by the petitioner's subsidiary in 1923 under the circumstances set out in our findings of fact above. The petitioner is the parent corporation, and throughout the taxable year was affiliated with the Bradley (W. Va.) Company, all of whose stock it owned. The subsidiary is not directly a party to this proceeding, but the petitioner has assumed the payment of the tax due, if any, and the controversy arises in connection with the computation of the consolidated net income for that year.

On July 1, 1923, the petitioner owned all of the outstanding stock of the Limestone, Calcite and Bradley (Ohio) companies, each of which owned a steamer used exclusively in transporting the petitioner's products. On September 28, 1923, the petitioner organized the Bradley (W. Va.) Company, and on October 15, 1923, the latter company issued to the petitioner its own stock at par in exchange for the stock of the Limestone, Calcite, and Bradley (Ohio) companies, in an amount equal to the cost of said stock as carried on the books of the petitioner. On October 31, 1923, the Bradley (W. Va.) Company, then owning all of the stock of the Limestone, Calcite and Bradley (Ohio) companies, surrendered that stock to the respective companies for cancellation and took over their assets in final liquidation, thereafter causing said companies to be dissolved.

The petitioner contends that the transaction by which its subsidiary acquired the assets of the three companies was one giving rise to recognizable gain or loss for tax purposes, and that the proper basis for computing depreciation deductions from consolidated income for the taxable year is an amount equal to the cost to the petitioner of the stock of the Limestone, Calcite and Bradley (Ohio) companies, since that amount represents the cost to its subsidiary of the three steamers taken over in liquidation. The respondent contends that the basis for computing allowable deductions for depreciation, under the stipulated facts, is the same as it would be if the assets had remained in the hands of the transferors.

The applicable statute is section 204 (a) (7) and (c) of the Revenue Act of 1926, set out in the footnote.[1]

It will be noted that the statute provides that the basis upon which depreciation deductions are to be allowed in respect of property acquired by a corporation shall be the same as it would be in the hands of the transferor, under certain specific conditions. Such basis is mandatory where it appears that (a) the property was acquired after December 31, 1917, (b) by a corporation in connection with a reorganization, and (c) immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them.

The facts of the present case fully meet every condition specified in the statute. The property in respect of which depreciation deductions are claimed was acquired by the petitioner's subsidiary corporation on October 31, 1923, which was after December 31, 1917; the said property was acquired in connection with a reorganization, and prior to and immediately after the transfer the petitioner owned 100 per centum of the stock of the corporations which held legal title to the property. Thus, an interest or control in such property of more than 80 per centum remained in the same corporate person.

That the transaction by which the petitioner's subsidiary acquired the property constituted a reorganization within the meaning of the statute is not only admitted by the petitioner in its brief, but clearly appears from the facts.

Section 203 (h) (1) of the Revenue Act of 1926 defines the term " reorganization " as meaning, *inter alia*, a transfer by a corporation of all or a part of its assets to another corporation *if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred,* and in subdivision (i) of said section the term " control " is defined as meaning the ownership of at least 80 per centum of the voting and all other classes of stock of the corporation. In such a case neither gain nor loss is recognized for tax purposes.

---

[1] SEC. 204. (a) The basis for determining gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

&ast; &ast; &ast; &ast; &ast; &ast;

(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made;

&ast; &ast; &ast; &ast; &ast; &ast;

(c) The basis upon which depreciation, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) &ast; &ast; &ast; for the purpose of determining the gain or loss upon the sale or other disposition of such property &ast; &ast; &ast;.

In *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937, the court in its opinion, construing the above cited statute, said:

> Reorganization, merger and consolidation are words indicating corporate readjustments of existing interests. They all differ fundamentally from a sale where the vendor corporation parts with its interest for cash and receives nothing more. * * * While the term [reorganization] includes financial readjustments in ways other than by judicial sale it does not properly embrace mere purchases by one company of the assets of another. * * *
>
> Section 203 of the Revenue Act of 1926 must be interpreted in this setting. Its purpose was to relieve those interested in corporations from profits taxes in cases where there was only a change in the corporate form in which business was conducted without an actual realization of any gain from an exchange of properties. When describing the kind of change in corporate structure that permits exemption from these taxes, Section 203 does not disregard the necessity of continuity of interests under modified corporate forms. Such is the purpose of the word " reorganization " in Sec. 203 (d) (3) where a corporation exchanges its property " solely for stock or securities." Such also is * * * the nature of the " reorganization " described in (h) (1) (B) where a corporation transfers assets to another corporation and the transferor, or its stockholders, immediately thereafter are in control of the transferee.

In the instant case, as before pointed out, the petitioner was the *sole stockholder of the transferor corporations*, and immediately after the transfer of the assets was in complete control of the transferee corporation through ownership of all of its stock. No gain or loss would, therefore, be recognized under the 1926 Act if the transfer had occurred under that act. However, the assets in question were transferred in 1923, under the Revenue Act of 1921, and section 204 (a) (7) of the 1926 Act, *supra*, provides that in such case " the basis shall be the same that it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer *under the law applicable to the year in which the transfer was made*." But the Revenue Act of 1921, which is the law applicable to the year in which the transfer in question was made, contains no provision for the recognition of gain or loss to a corporation upon the transfer of its assets to its stockholders in final liquidation.

It follows that the basis for the allowance of depreciation upon the assets in question, in the process of computing consolidated net income of the petitioner and its subsidiaries for the taxable year 1927, is the same as it would be in the hands of the transferors, which is the basis used by the respondent in determining the deficiency.

In support of its contention the petitioner cites *Remington-Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77; certiorari denied, 280 U. S. 591; and our decisions in the following cases where we applied the principle of *Remington-Rand, supra*, namely, *Riggs National Bank*, 17 B. T. A. 615; aff'd., 57 Fed. (2d) 980; *Black River Sand Corpora-*

*tion*, 18 B. T. A. 490; *Canal-Commercial National Bank*, 22 B. T. A. 541. The petitioner contends that its case should be governed by application of the same principle.

The cases cited, we think, are not in point. In each of them one corporation purchased all of the stock of another corporation and subsequently took over the assets in liquidation of the stock so purchased. Such a transaction did not constitute a "reorganization" within the meaning of the statute, as we have shown, since there was no continuity of interests in the transferred assets. On the contrary, a full and complete change of ownership was effected. Prior to the purchase of the stock and transfer of the assets in liquidation the transferee corporation had no interest therein. Likewise, the stockholders of the transferor corporations retained no interest in the assets after transfer. In each case the transaction was held to give rise to recognizable gain or loss *to the transferee corporation* and, hence, established a new basis for depreciation. A wholly different situation is presented in the case at bar, as we have pointed out hereinabove.

The determination of the respondent is approved.

*Judgment will be entered for the respondent*